1  Philip Cozens, State Bar Number 84051
2  Attorney at Law
3  1007 Seventh Street, Suite 208
4  Sacramento, CA   95814
5
6  Telephone: (916) 443-1504
7
8  Email: pcozens@aol.com
9
10  Attorney for Defendant Maurice Bryant
11
12
13                IN THE UNITED STATES DISTRICT COURT
14
15              FOR THE EASTERN DISTRICT OF CALIFORNIA
16
17  UNITED STATES OF AMERICA,          )        Case No. 2:21-CR-00104
18                                     )
19          Plaintiff,                 )        DEFENDANT BRYANT'S MOTION TO
20                                     )        MODIFY TERMS OF PRE-TRIAL
21          v.                         )        RELEASE PURSUANT TO 18 USC 3141
22                                     )
23  MAURICE BRYANT,                    )
24                                     )
25                                     )
26          Defendant.                 )        Date: May 19, 2022
27  _____    )        Time: 2:00 p.m.
28                                              Courtroom: 27 (Magistrate Barnes)
29

30                            **INTRODUCTION**

31          Defendant seeks an order from the court modifying the terms of the pre-trial to his

32  house at 8451 Buford Court, Antelope, Sacramento County to be supervised by Pre-Trial

33  Services.  Pre-Trial Service Agent Renee Basurto is not opposed to the removal of the location

34  monitoring device, curfew conditions and that Defendant could have a talk and text only

35  telephone.

36          While Defendant is charged with one count of conspiracy to distribute cocaine and

37  cocaine base; one count of distribution of more than five hundred grams of a substance with a

38  detectable amount of cocaine; one count of distribution of a substance with a detectable amount

39  of cocaine; one count of ex-felon in possession of two handguns; and two counts of use of a

communication facility in facilitation of a drug conspiracy and therefore, pursuant to **18 USC 3142(f)(1)(A)**, there is a rebuttable presumption that no terms of release can assure the court of the safety of the community and that Defendant will appear for trial, Defendant will present to the court circumstances that rebut such presumption and assure the court that the community will be safe and that Defendant will appear for trial.

### STATEMENT OF FACTS

The United States Attorney charged Defendant by indictment with conspiracy to distribute cocaine and cocaine base (Count 1); two counts of actual distribution of cocaine (Counts 8 and 9); use of a telephone to facilitate drug conspiracy (Counts 18 and 19) and ex-felon in possession of a firearm (Count 15).  The total amount of cocaine actually distributed was less than 5000 grams or five kilograms.

As to the safety of the community, according to the government investigation provided to Defendant's attorney in discovery, Defendant lived with his family in the Antelope area. The family consists of Defendant, his common-law wife Kay, two daughters aged 8 Akilah and age 13 Aniya.  There is no indication that Defendant actively sought other persons to distribute cocaine to.  Defendant acted as a broker, obtaining cocaine from a known source and delivering to the other alleged sellers of cocaine.  Defendant apparently knew several sources according to the investigation.

There is no indication of Defendant's likelihood of flight to avoid prosecution.  Rather, Defendant's history predicts that he will appear for trial.  Defendant previously appeared for prosecution for two serious drug offenses in 1989 and 1993.  There were no failures to appear in court and Defendant served his sentences.  Defendant has no convictions after the 1993 offense.  When Defendant was prosecuted in the 1990s for his previous cases, he remained in Sacramento.

Defendant is an American citizen; Defendant does not have a passport; Defendant is relatively penniless; and does not have the financial means to travel.

1    Defendant's entire family lives in Sacramento—his mother, his older sister, his

2 brothers.  Further, Defendant has a common-law relationship with Kay Bryant and has children

3 aged 8 Akilah and 13 Aniya.  Defendant has other children who live with their mothers but

4 Defendant financially supported them when he was out of custody.

5    Defendant's landscaping business is dormant because Defendant has sciatia and high

6 blood pressure, preventing him from participating in the business.  Defendant has lived in

7 Sacramento almost his entire life.

8    As stated above, Defendant has a common-law relationship with Kay Bryant.  They live

9 in Antelope area.  Until his arrest Defendant and his family lived at 8451 Buford Court,

10 Antelope. Defendant's family has remained in the house because Kay Bryant is fully employed

11 by Pacific Gas & Electric.

12    For this case, Defendant and his wife were in Las Vegas, celebrating his birthday. They

13 registered initially at the MGM Grand Hotel and spent the first night at the MGM Grand, but

14 switched hotels to South Point because of the cheaper rates for the duration of their stay in Las

15 Vegas.  The government in initial detention hearing attempted to cause the court to believe that

16 the switch in the hotel was an attempt to evade arresting officers.  However, that interpretation

17 is false because Kay Bryant placed the reservation at South Point in her name.  Further, the

18 switch in hotels was planned long before the first arrest in this case.

19    The government claimed that Kay Bryant lied about Defendant's cell phone in their

20 rented car in Las Vegas when stopped by the U.S, Marshals.  Defendant owned and used a flip

21 phone from 1990.  It was an antique.  The arresting marshals asked about Defendant's cell

22 phone.  At the time of the Marshals' questions, Kay Bryant was outside of her car.  The

23 Marshals detained Defendant in a patrol car. Kay Bryant described Defendant's phone as a

24 "flip phone".  The marshals removed Kay Bryant's Apple phone for work and displayed Kay

25 Bryant's Apple phone to her.  To which she responded "No", meaning not Defendant's cell

26 phone.  The Marshals removed additional phones from the interior of the rented car.  Kay

27 identified new phones as being Apple phones and not flip phones.  Finally the officers tried

1    calling Defendant's flip phone.  Kay identified the ringing flip phone as belonging to

2    Defendant.  The Marshals found the flip phone in the rented car.  Kay Bryant never lied to the

3    Marshals about the identity of Defendant's flip phone.

4         As further evidence that Defendant will appear if released, on Friday, May 21, after

5    Defendant's arrest in Las Vegas, the magistrate in Nevada released Defendant to return to the

6    Eastern District of California voluntarily with a date to appear Wednesday May 26, following

7    the recommendation of the Nevada Pre-Trial Services.  Defendant arranged for a flight from

8    Las Vegas, returning to Sacramento.  Defendant conferred with his attorney in Sacramento.  On

9    May 26, Defendant and his attorney appeared via Zoom on the Magistrate's calendar.  Pre-Trial

10   Services recommended that Defendant be released to his house at 8451 Buford with Kay

11   Bryant as a third-party custodian.  When Magistrate Peterson held that Defendant should be

12   detained and ordered Defendant to appear the next morning in the lobby of the federal

13   courthouse, Defendant appeared voluntarily on time.

14        Pre-Trial Services Agent Renee Basurto supervised Defendant since his release in

15   summer 2021.  She reports that Defendant has not violated any of the terms of his pre-trial

16   release.  She reported that Defendant spends most of his time transporting children and

17   grandchildren to school and sporting events.  She stated that she is not opposed to removal of

18   Defendant's location device and the elimination of his curfew.  She added that as a matter of

19   convenience to Pre-Trial Services that Defendant could be allowed to have a talk and text only

20   cellphone for more immediate contact with Defendant.

21                                **LAW AND ARGUMENT**

22
23            **WHILE THERE IS A REBUTTABLE PRESUMPTION FOR**
24            **DETENTION IN CASES INVOLVING A DRUG ALLEGATION WITH**
25            **MORE THAN TEN YEARS AS A POSSIBLE SENTENCE, DEFENDANT**
26            **HAS OVERCOME THAT PRESUMPTION WITH PARTICULAR**
27            **FACTS ABOUT HIM PERSONALLY.**

28        While reasonable bail is a right pursuant to Eighth Amendment to the United States

29   Constitution, the judicial officer's determination of bail is regulated by **18 USC 3141 et seq.**

1    In determining the conditions of bail, the judicial officer shall take into consideration

2    the information available regarding: 1) the nature and circumstances of the alleged crime or

3    crimes, including whether the offense is a drug distribution offense; 2) the weight of the

4    evidence against Defendant; 3) the personal information regarding Defendant including

5    financial resources, length of time in the community, employment, past conduct, criminal

6    history and record of appearing at court hearings and whether, at the time of the alleged

7    offense, Defendant was on probation or parole; and 4) the nature and seriousness of the danger

8    Defendant would pose to any person or community if defendant were released on bail.  **18 USC**

9    **3142(g).**

10    Defendant concedes that **18 USC 3142(e)(3)(E)** places a rebuttable presumption that, if

11    Defendant is charged with an offense regarding the distribution of narcotics**,** with a ten-year

12    minimum mandatory sentence, there is no condition or combination of conditions that would

13    assure the court that Defendant will appear for court hearings including trial and/or would

14    assure the court that there is not a serious threat to the safety of the community.  However, in

15    this case, Defendant has rebutted that presumption in an earlier hearing at the outset of the case.

16    As to the Defendant's appearance in state court for hearings and state trial, Defendant

17    made every court appearance in his state case.  He appeared as required every time for his

18    probation officer.  When released by the Magistrate on May 21 in Las Vegas to appear in

19    Sacramento five days later for this case, Defendant arranged for a flight from Las Vegas to

20    Sacramento with the intention to appear in Magistrate's court on May 26.  Defendant conferred

21    with his attorney on May 25 with the intention of appearing in the Magistrate's court on May

22    26; Defendant appeared by Zoom for the Magistrate's arraignment hearing on May 26; and

23    when the Magistrate ruled that Defendant must be detained, Defendant appeared to surrender to

24    the authority of the court on the next day at the federal courthouse.  By his behavior, Defendant

25    proved that he is not a flight risk for this case.  He intends to appear in court and follow the

26    court's directions.

1    Since his release on stringent terms, Defendant adhered to every term imposed by the

2  Magistrate and approved by the District Court.  He spent the majority of his time as chauffer to

3  his children and grandchildren, driving them to school, school activities, home and sporting

4  events.  He has not violated the court's orders regarding curfew.  He has not possessed a

5  cellphone.

6    Agent Basurto, who supervised Defendant since his release, reported that Defendant has

7  not violated the curfew or any other term of supervised release.  She is not opposed to the court

8  modifying the terms of supervised release to permit Defendant to have a cell phone that has

9  only text and talk features.

10    As to Defendant's dangerousness to the community and to others, there is no evidence

11  that Defendant has access to any government witness.  In this case, government witnesses are

12  law enforcement personnel and not accessible for Defendant.  There really is no threat to

13  government witnesses from Defendant.  Defendant does not possess a firearm and there is no

14  history of violence in Defendant's background.

15    As to the community, Defendant is not a threat to any member of the community

16  through acts of violence or terrorist threat.

17                                     **CONCLUSION**

18    For the reasons set forth above, the court ought to modify the terms of pre-trial release

19  to remove the curfew and location finder terms from the terms of pre-trial release and permit

20  Defendant to possess a talk and text only phone.

21  Dated: May 10, 2022                    Respectfully submitted,

22

23                                     /s/ Philip Cozens
24                                     Philip Cozens
25                                     Attorney for Defendant
26                                     Maurice Bryant

27

28

29